UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BAKER,

        Plaintiff,

vs.                          CASE NO. 2:15-CV-12379
                              HONORABLE PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.,

        Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      Plaintiff is an inmate confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On July 2, 2015, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order. To date, plaintiff has not complied with the terms of the deficiency order.

      28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of

2:15-cv-12379-PDB-RSW   Doc # 5   Filed 08/27/15   Pg 2 of 3   Pg ID 12

the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

The Court dismisses the complaint without prejudice for want of prosecution, because plaintiff failed to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or providing the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 F. Appx. 74, 75-6 (6th Cir. 2004).

## ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint [Dkt. Entry # 1] under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

**SO ORDERED.**

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated: August 27, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2015.

                                        s/Deborah Tofil
                                        Case Manager